**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

O

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-0313 DOC (CWx)                              Date:  October 18, 2011
        SACV 11-1300 DOC (CWx)

Title: <u>KERR CORPORATION V. NORTH AMERICAN DENTAL WHOLESALERS, INC., ET AL..</u>

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | N/A |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

    None Present                                      None Present

**PROCEEDINGS: (IN CHAMBERS): ORDER GRANTING DEFENDANTS' MOTION TO CONSOLIDATE ACTIONS AND DESIGNATE PLAINTIFF IN CONSOLIDATED ACTION**

     Before the Court is a Motion to Consolidate Actions and Designate Plaintiff filed by Defendants North American Dental Wholesalers, Inc., and North American Dental, Inc., ("Defendants").  The Court finds the matter appropriate for decision without oral argument.  Fed R. Civ. P. 78; Local R. 7-15.  After considering the moving, opposing, and replying papers, the Court GRANTS the Motion.

     Because the Motion is GRANTED, the hearing on this Motion, originally scheduled for **November 7, 2011**, is removed from the Court's calendar.

    **I.**    **Background**

           **i.**    **The Parties**

     Kerr Corporation ("Kerr") is Plaintiff in the present case 11-313 and a defendant in case 11-1300.  Kerr is a wholly-owned subsidiary of Sybron Dental Specialties, Inc., ("Sybron"), which itself is a wholly-owned subsidiary of Danaher Corporation ("Danaher").  Order (11-1300 Dkt. 17).  Sybron and Danaher are the other two defendants in case 11-1300.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 10-01392-DOC (RNBx)　　　　　　　　　　Date: July 19, 2011
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 2

North American Dental Wholesalers, Inc., ("NADW") and North American Dental, Inc., ("NAD") are Defendants in the present case 11-313.  NADW is the plaintiff in case 11-1300.

### ii.   Parties' Interactions Before Litigation

NADW is an importer and distributor of dental supply products that, in the past, included Kerr-branded consumable dental products.  Order at 1 (11-1300 Dkt. 17).  Kerr and Sybron manufacture and sell Kerr-branded dental products.  *Id.* at 1-2.

On December 14, 2010, either Sybron or Kerr allegedly sent a letter to NADW to "express concern" about NADW's "trafficking in goods bearing spurious and unauthorized imitations of [Kerr's] marks."  FAC ¶ 22 (11-313 Dkt. 23); *see also* Kerr. Opp'n at 2 (11-313 Dkt. 63).

After receiving this letter, NADW allegedly engaged in settlement conversations with Kerr.  Kerr. Opp'n at 2 (11-313 Dkt. 63).

On December 30, 2010, Sybron allegedly sent to 30 retailers a letter accusing NADW of counterfeiting Kerr products.  Amended Complaint ¶ 74-80 (11-1300 Dkt. 10); Def. Mot. at 2 (11-313 Dkt. 62).  These 30 retailers constituted about 80% of NADW's United States market for brand-name dental products.  Def. Mot. at 2 (11-313 Dkt. 62).

Sybron also allegedly requested that retailers stop purchasing Kerr products from NADW, including products which Sybron knew were genuine.  Def. Mot. at 3 (11-313 Dkt. 62).

### iii.   First-Filed Action: Case 11-313

On January 14, 2011, two weeks after Sybron's letter, NADW sued Kerr and its corporate parents, Sybron and Danaher, in Pennsylvania ("first-filed action").  Complaint (11-1300 Dkt. 1).  NADW avers that it filed suit in response to Sybron's letter accusing NADW of counterfeiting and in response to Sybron's other activities to dissuade retailers from purchasing Kerr products from NADW.  Def. Mot. at 2-3 (11-313 Dkt. 62).

On April 14, 2011, NADW's amended complaint pled the following causes of action: (1) Lanham Act violations; (2) commercial disparagement; (3) commercial defamation, under common and Pennsylvania law; (4) unfair competition; (5) tortious interference with business relations; and (6) prima facie tort.  Amended Complaint (11-1300 Dkt. 10).

The factual bases for these claims was that Sybron, as early as Fall 2010, allegedly knew that NADW's Kerr products were not counterfeit.  *Id.* ¶¶ 40-60.  Sybron allegedly

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 10-01392-DOC (RNBx)            Date: July 19, 2011
                                                                 Page 3

---

told retailers that NADW was a counterfeiter to eliminate NADW as a competitor. *Id.* ¶¶ 61-89.

### iv. Second-Filed Action: Case 11-1300

On February 24, 2011, Kerr filed suit in this Court against NAD ("second-filed action"). Complaint (11-313 Dkt. 1). On March 31, 2011, Kerr's First Amended Complaint alleged the following causes of action: (1) trademark counterfeiting; (2) trademark infringement; (3) unfair competition under federal law; (4) unfair practices under California law; and (5) trademark dilution. FAC (11-313 Dkt. 23).

The factual bases for these claims was that NADW allegedly sold Kerr-branded dental products that did not originate with Kerr and were thus unauthorized imitations of Kerr's dental products which bore Kerr's trademarks. *Id.* ¶¶ 20-22. Kerr further alleged that these products materially differed from the goods that Kerr manufactures. *Id.*

### v. Transfer of the First-Filed Action

On April 28, 2011, Kerr, Sybron, and Danaher moved in the first-filed action to transfer that case from Pennsylvania to this Court or, in the alternative, to dismiss NADW's claims. (11-1300 Dkt. 12). On August 15, 2011, the Honorable Petrese B. Tucker granted this motion to transfer. Order at 12 (11-1300 Dkt. 17).

### vi. The Motion Before This Court

On September 15, 2011, Defendants NADW and NAD moved this Court to: (1) consolidate cases 11-1300 and 11-313; and (2) designate Defendants as the Plaintiffs in the consolidated action. Defs.' Mot. (11-313 Dkt. 62). Kerr agreed to consolidation, but opposed the designation of Defendants as Plaintiffs. Kerr Opp'n at 5:4.

## II. Discussion

### a. Consolidation of the First and Second Filed Actions Is Appropriate

#### i. Legal Standard

Federal Rule of Civil Procedure 42(a) allows consolidation of "actions involving a common question of law or fact." Fed. R. Civ. P. 42(a). "Consolidation is within the broad discretion of the district court." *In re Adams Apple, Inc.,* 829 F.2d 1484, 1487 (9th Cir.1987). In determining whether to consolidate, "a court weighs the interest in judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation." *Paxonet Communications, Inc. v. TranSwitch Corp.*, 303 F. Supp. 2d 1027, 1028-29 (N.D. Cal. 2003).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 10-01392-DOC (RNBx)                    Date: July 19, 2011
                                                     Page 4

### ii. The Court and the Parties Agree that Consolidation Is Appropriate and Will Not Prejudice Any Party

The Court concludes, and the parties agree, that consolidation is appropriate because the cases share common questions of law and fact. *See* NAD Mot. at 1:9-10; Kerr Opp'n at 5:4. In the first-filed action, NADW's claims arise from the allegations of counterfeiting that Sybron, Kerr's parent company, made to NADW's retailers. Amended Complaint ¶¶ 61-89 (11-1300 Dkt. 10). Kerr's claims arise from the alleged counterfeiting that prompted these communications with retailers. The potential for delay or confusion is minimal given that the evidence to be presented for both parties' claims and defenses is likely to involve the same witnesses and documents. The likelihood of prejudice is minimal given that both parties agree that consolidation is appropriate. *See Internet Law Library, Inc. v. Southridge Capital Mgmt. LLC*, 208 F.R.D. 59, 60 (S.D.N.Y. 2002). Given the overlap in facts and that both claims require examining Sybon's allegations of NADW's counterfeiting, consolidation is appropriate.

### b. Defendants Are Designated as Plaintiffs in the Consolidated Action

### i. Parties' Dispute the Correct Legal Standard

The parties dispute whether NADW should be designated Plaintiff in the newly-consolidated case and dispute what law should control this analysis. NADW contends that Federal Rule of Civil Procedure 13(a) controls and that, under this rule, the claims Kerr pled in the second-filed action were actually compulsory counterclaims that should have been brought in the first-filed action. Defs' Mot. at 9. Kerr responds that Federal Rule of Evidence 611(a) controls. Kerr. Opp'n. at 5. Alternatively, Kerr argues that this Court should apply the Ninth Circuit's "primary purpose" test. Kerr. Opp'n. at 6.

The Court chooses to analyze the realignment of the parties under Federal Rule of Civil Procedure 13(a) because more persuasive authority supports NADW's position than Kerr's. First, Kerr's reliance on Federal Rule of Evidence 611(a) is misplaced because this Rule affords the Court discretion over the order of evidence, but is silent about the realignment of parties.[1] Furthermore, Kerr cites no case to support Kerr's contention that Rule 611(a) applies.

---

[1] Federal Rule of Evidence 611(a) states: "The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 10-01392-DOC (RNBx)            Date: July 19, 2011
                                                                               Page 5

       Second, the "primary purpose" test that Kerr urges is traditionally applied in a different context, namely to determine whether a party is improperly designated as a defendant or plaintiff as part of an effort to establish sham diversity jurisdiction. Kerr cites one unpublished case that applies this test where there was federal question jurisdiction, *Plumtree Software, Inc. v. Datamize LLC*, 2003 U.S. Dist. LEXIS 26948 (N.D. Cal. Oct. 6, 2003). However, that case is distinguishable.[2] .

       In *Plumtree*, the plaintiff in the first-filed action, a patentee, alleged infringement by a defendant. *Id.* at *2. The alleged infringer then filed a second action requesting a declaratory judgment that it was not infringing; the patentee responded by filing a counterclaim for infringement. *Id.* at *3. The first-filed action was dismissed for lack of jurisdiction. *Id.* The court in the second-filed action then granted the patentee's motion to designate the patentee as the plaintiff in the second-filed action.

       Unlike in the present case, *Plumtree* does not involve consolidation of cases nor parties who seek judgments that are the mirror opposites of each other. *Plumtree* merely adopted the common-sense rule that where a plaintiff seeks declaratory relief that it is *not liable* and the defendant counterclaims that plaintiff *is liable*, it is more logical to realign the parties so that the defendant becomes the plaintiff. Here, in contrast, the parties do not simply dispute whether one of them is liable; rather, NADW contends that Kerr and its parent companies are liable *for interfering with NADW's business*, and Kerr contends that NADW is liable *for infringing Kerr's trademarks*.

       Finally, as NADW contends, there are published cases and treatises interpreting Federal Rule of Civil Procedure 13(a) to permit the realignment of parties where the second-filed action should have been brought as a counterclaim in the first-filed action. *See Internet Law Library, Inc. v. Southridge Capital Mgmt. LLC*, 208 F.R.D. 59, 63 (S.D.N.Y. 2002); *Miller v. Baird*, 239 F.Supp. 754, 756, 239 F.Supp. 754 (D.C.Tenn. 1965); 6 C. Wright and A. Miller, Federal Practice and Procedure § 1418. Such realignment is appropriate because the second action "contravene[s] the purpose of the Rule [13(a)] in that it creates a multiplicity of actions, wastes judicial resources, and unduly burdens the litigation process." *Internet Law*, 208 F.R.D. at 63.

---

avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment."

[2] The other unpublished case on which Kerr relies does not, in fact, mention the primary purpose test. *See Christie v. Std. Ins. Co.*, 2002 U.S. Dist. LEXIS 22062 at *19-20 (N.D. Cal. July 19, 2002)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 10-01392-DOC (RNBx)            Date: July 19, 2011
                                                                                              Page 6

Furthermore, realignment of parties is merely an alternative means of accomplishing an end that this Court indisputably may pursue when a party fails to bring a compulsory counterclaim. This Court could, for example, dismiss the second-filed action as duplicative, which would force Kerr to bring its claims as compulsory counterclaims in the first-filed action. *See Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 689 (9th Cir. Cal. 2007); *Intervet, Inc. v. Merial Ltd.*, 535 F. Supp. 2d 112, 115 (D.D.C. 2008). However, as other courts have recognized, "instead of staying the [second-filed] action and granting leave to . . . re-file its claims as counterclaims to the [first-filed] action, the court can just as easily achieve the same result by consolidating the two actions and designating" the second-filed action's defendant as plaintiff in the consolidated action. *Internet Law*, 208 F.R.D. at 64.

Because more persuasive authority supports NADW's position than Kerr's, the Court chooses to analyze the realignment of the parties under Federal Rule of Civil Procedure 13(a).

### ii. Designating NADW As Plaintiff in the Consolidated Action Is Appropriate Given Kerr's Failure to Bring Compulsory Counterclaims in the First Action, as Required by Federal Rule of Civil Procedure 13(a)

Federal Rule of Civil Procedure 13(a) states that a counterclaim is compulsory where it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a). In the Ninth Circuit, a counterclaim is compulsory where there is a "logical relationship" between it and the opposing party's claim, meaning that "the counterclaim arises from the same aggregate set of operative facts as the initial claim." *See In re Pinkstaff*, 974 F.2d 113, 115 (9th Cir. 1992); *Pochiro v. Prudential Ins. Co. of Am.*, 827 F.2d 1246, 1249 (9th Cir. 1987). A logical relationship may exist even if the counterclaim's allegations need not be resolved in order to dispose of the underlying claim. *In re Marshall*, 600 F.3d 1037, 1058-59 (9th Cir. 2010).

Here, Kerr's claims for trademark infringement have a logical relationship with NADW's claims for interference with its business. Both arise from the same activities in late 2010, namely, NADW's distribution of Kerr-branded products and the allegations of counterfeiting from Kerr's parent company, Sybron. Kerr's Opposition virtually concedes this point when it asserts that the "primary purpose of this litigation" is to resolve whether NADW sold counterfeits. Kerr Opp'n at 6. Thus, Kerr's claims in the second-filed action should have been brought as compulsory counterclaims in the first-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 10-01392-DOC (RNBx)            Date: July 19, 2011
                                                                              Page 7

filed action. In lieu of dismissing the second-filed action and granting Kerr leave to re-file counterclaims in the first-filed action, this Court will consolidate the two actions and designate NADW as the plaintiff in the consolidated case. *See Internet Law*, 208 F.R.D. at 64.

### iii. Exceptions to the First-to-File Rule Do Not Apply

Kerr alternatively contends that NADW should not be designated Plaintiff because the first-filed action was either: (1) in anticipation of Kerr's second-filed action; or (2) the product of forum-shopping. NADW disputes both these contentions. Because the first-filed action was not an anticipatory suit and forum-shopping has been adequately addressed by the transfer of the first-filed action, this Court concludes that NADW should be designated the plaintiff in the consolidated action.

The "first-to-file rule" is a doctrine that allows a district court to "transfer, stay, or dismiss an action when a similar complaint has already been filed in another federal court." *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 623 (9th Cir. 1991). "The circumstances under which an exception to the first-to-file rule typically will be made include . . . [an] anticipatory suit, and forum shopping . . . ." *Id.* at 628.

As noted above, this Court's decision to designate NADW as Plaintiff is rooted in the caselaw concerning Federal Rule of Civil Procedure 13(a). However, to the extent that the first-to-file rule governs, the exceptions to it do not apply.

NADW does not appear to have filed the first action in anticipation of Kerr's lawsuit, but rather to obtain redress for alleged wrongs by Kerr. Specifically, NADW responded to Sybron's accusations of NADW's counterfeiting, which were sent to 80% of NADW's United States market. Because NADW pursued a "benefit beyond the scope of what the other party could be expected to bring suit for," NADW's suit was not anticipatory. *Ontel Prods. v. Project Strategies Corp.*, 899 F. Supp. 1144, 1151 (S.D.N.Y. 1995); *Pac. Coast Breaker, Inc. v. Conn. Elec., Inc.*, 2011 U.S. Dist. LEXIS 56026 at *14-15 (E.D. Cal. May 23, 2011). Furthermore, the timing of NADW's filing of the first action—two weeks after Sybron's alleged communication—bolsters NADW's contention that it was responding to Sybron's actions rather than trying to preempt a lawsuit in a different forum.

Second, because the exceptions to the first-to-file rule are grounded in the principles of equity, courts may apply the rule even where the first-filed action is a product of forum-shopping. *Cf. Alltrade*, 946 F.2d at 628 ("[D]istrict court judges can, in the exercise of their discretion, dispense with the first-filed principle for reasons of equity. . . . But it is not an abuse of discretion, and therefore not reversible error, for a district court judge to weigh the facts and conclude that the rule should apply."). Here,

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 10-01392-DOC (RNBx)            Date: July 19, 2011
                                                                               Page 8

---

some advantages from any potential forum-shopping have been eliminated by the transfer of the first-filed case away from NADW's chosen forum in Pennsylvania. In such situations, other courts have held that the forum-shopping exception to the first-to-file rule need not apply. *See Internet Law*, 208 F.R.D. at 64 (designating defendant in a second-filed action as plaintiff in consolidated action even where there was "no doubt" that defendant had engaged in forum-shopping).

      In sum, because neither of the equitable exceptions to the first-to-file rule apply, Defendants' motion to be designated as Plaintiff in the consolidated action is GRANTED.

      **IV.    Disposition**

For the foregoing reasons, Defendants' Motion to Consolidate Actions and Designate Plaintiff is GRANTED. The Court hereby:

      1. GRANTS Defendants' Motion to consolidate cases 11-1300 and 11-313.

      2. GRANTS Defendants' Motion to be designated as Plaintiff in the consolidated case. Kerr's claims brought in case 11-1300 will be treated as compulsory counterclaims.

      3. Removes from its calendar the hearing on this Motion originally scheduled for **November 7, 2011**.

      IT IS SO ORDERED.

MINUTES FORM 11
CIVIL-GEN                                                                                  Initials of Deputy Clerk: jcb